tate between the death of the testator and the time of distribution. The principal involved is the same as where a single life estate intervenes. *Cropley v. Cooper,* 19 Wall. (U. S.) 167. Under the terms of the will and the authorities cited, the interest of the brothers and sisters of Eli, in the remainder of the sixth of which he had the life use, vested in the brothers and sisters, and on the death of any of them the share vested in each brother or sister vested in their representatives. There is no error in the decree and it is affirmed.

*Affirmed.*

---

## John E. Murray, Appellee, v. Vandalia Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Macon county; the Hon. WIL-LIAM K. WHITFIELD, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed October 13, 1916.

### Statement of the Case.

Action by John E. Murray, plaintiff, against the Vandalia Railroad Company, defendant, for damages to the plaintiff's real estate alleged to have been caused by the construction of a freight house and freight terminals adjacent thereto. From a judgment for plaintiff for $487.25, defendant appeals.

The declaration averred that the defendant changed the grade of its premises so as to divert water upon the premises of plaintiff, and had created a nuisance adjacent to the property of the plaintiff, and that cin-

ders, soot, ashes and clouds of smoke were thrown on plaintiff's premises and into his house by the defendant, and the trees, shrubbery and grass killed and the house rendered substantially uninhabitable and the market value greatly depreciated.

OUTTEN, EWING, McCULLOUGH & WIERMAN, for appellant.

WHITLEY & FITZGERALD, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 172*—*when evidence as to damage is inadmissible.* In an action for damages, evidence as to improper elements of damage or as to proper elements not declared upon in the declaration is inadmissible.

2. DAMAGES, § 240*—*when admission of improper evidence is reversible error.* In an action for damages to real estate, where the evidence as to the amount of depreciation was in sharp conflict so that the Appellate Court could not say how much the plaintiff should recover, *held* that the admission of evidence as to elements of damage not declared on was reversible error.

3. TRIAL, § 43*—*when instruction as to effect of view of premises is correct.* In an action on the case for damages for the depreciation of real estate, alleged to have resulted from wrongful acts of the defendant, where the jury were by consent of both parties allowed to view the premises, an instruction that the view was not evidence but was allowed for the purpose of helping the jury to understand the evidence detailed by the witnesses and that the jury should not consider any facts bearing on the merits of the controversy derived from such view, *held* correct.

4. ACTION ON THE CASE, § 8*—*when action does not lie for injury to realty.* In an action on the case, an owner of premises cannot recover for damages thereto, alleged to have been caused by the emission of smoke and ashes from locomotives standing on an adjacent railroad track, unless the smoke and ashes were thrown upon the premises.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.